The judgment appealed from should be affirmed, with costs.

---

## PEOPLE *v.* PHYFE.

(*Supreme Court, General Term, Second Department.* August 20, 1892.)

CONSTITUTIONAL LAW—LIMITING DAY'S LABOR ON RAILROADS.

Laws 1892, c. 711, entitled "An act to provide for and limit the hours of service on railroads," providing that 10 hours' work in 12 consecutive hours shall be a day's labor, and that if employed longer the employe shall receive proportionate compensation for the extra service, but not prescribing any rate of wages, nor prohibiting contracts other than by the day, and making violation thereof on the part of railroad companies or their agents a misdemeanor, is not unconstitutional in a case where there is no express contract to the contrary.

Appeal from court of oyer and terminer, Westchester county.

James H. Phyfe appeals from a conviction for violating Laws 1892, c. 711, entitled "An act to provide for and limit the hours of service on railroads." Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank Loomis,* for appellant. *William Popham Platt,* Dist. Atty., for the People.

PER CURIAM. This is an appeal from a judgment of the Westchester oyer and terminer, rendered on a conviction of a misdemeanor in violating the provisions of chapter 711, Laws 1892. The defendant admitted the commission of the act charged in the indictment, and offered no evidence in justification, resting his defense on the claim that the statute is unconstitutional and void. The parties, being anxious to obtain the judgment of the highest court on the question, have favored us with neither arguments nor briefs. We therefore do not feel called upon to more than state briefly the conclusion we have reached and the reasons therefor without elaboration.

The presumption is in favor of the validity of legislative enactments. We think that the statute in question can be construed so as to render it constitutional, and, if so, that construction should be given to it. The statutory penalty seems, by section 4, confined to violations by corporations or their

agents. We do not admit that in the case of corporations the control of the legislature is absolute. The franchise granted a railroad company is irrepealable and vested property. *People* v. *O'Brien*, 111 N. Y. 1, 18 N. E. Rep. 692. At the same time, a railroad can be operated legally in this state only by a railroad corporation. *Abbott* v. *Railroad Co.*, 80 N. Y. 27. As to other corporations, it may be that they must comply with any regulations the legislature may see fit to prescribe, or give up their corporate franchise, if any, as individuals. Railroad companies, however, do not seem to have this option. But the statute does not necessarily interfere with the private property rights of the company. It provides that 10 hours' work in 12 hours shall be considered a day's work, and that if employed longer the employe shall receive "comparative" (proportionate?) compensation for the extra service. The act does not prescribe what rate of wages shall be paid. The company may give such compensation as it sees fit, and at which it is able to obtain employes. Nor does the statute prohibit making contracts otherwise than by the day. The company may employ by the "job" or "piece" or "hour." In this respect the case at bar differs radically from that of *People* v. *Gillson*, 109 N. Y. 389, 17 N. E. Rep. 343. In fact it may be that the only effect of this statutory provision is to create a liability on a contract which the law implies, in the absence of an agreement between the parties to the contrary, and to punish a failure to discharge such liability. If this be the limit of legislative power, then such is the construction which should be placed upon the statute. This question could only be raised by evidence offered by the defendant to show that the employe agreed to work the overtime without compensation, or for a different rate of compensation than that prescribed by law. The question is not in the case now before us, and we therefore decline to pass upon it. The conviction and judgment thereon should be affirmed.